DUGGAN, APPELLANT, *v.* LEADER, APPELLEE.

(Decided March 13, 1939.)

*Mr. Richard L. Brummer* and *Mr. David Johnson,* for appellant.

*Mr. Samuel Plotnick,* for appellee.

HAMILTON, P. J. This is an appeal on questions of law from a judgment of the Municipal Court of Cincinnati sustaining a demurrer to the plaintiff's bill of particulars. Plaintiff, not desiring to plead further, judgment was entered for the defendant, dismissing the action.

The demurrer to the bill of particulars states three

grounds: (1) That the action was not brought within the time limited for the commencement of actions. (2) That the bill of particulars does not state facts which show a cause of action. (3) That the court has no jurisdiction of the subject of the action.

The Municipal Court sustained the demurrer on the first ground, that the action was not brought within the time limited for the commencement of actions. If the bill of particulars was demurrable on any of the three grounds, the judgment would have to be sustained.

We are not in accord with the ruling of the Municipal Court on the first ground of the demurrer, but are of the opinion that the bill of particulars is demurrable on the third ground stated in the demurrer, that the court had no jurisdiction of the subject-matter of the action.

The Municipal Court of Cincinnati has no general equity jurisdiction.

If the action is cognizable only in equity, then the demurrer was properly sustained.

The plaintiff contends that his action was for money only, and is, therefore, a law case.

A determination of the question requires an examination of the bill of particulars. The prayer of the bill does not determine the action. The character of the action must be determined from the allegations in the bill of particulars.

The allegations necessary for a consideration of the question are in substance as follows: That the plaintiff and defendant and one other person were the incorporators of a certain corporation; that plaintiff subscribed for one-third of the capital stock with which to commence business; that on or about the 1st day of December, 1931, the corporation was heavily involved in obligations which it could not meet; that

the plaintiff and defendant orally agreed that they would assume and pay off all outstanding obligations; and that they thereupon so notified all creditors of the corporation. Plaintiff states that the defendant defaulted in the payment of his share of the obligations, and, by reason of such failure, plaintiff was compelled to pay the defendant's share as well as his own; that said obligations totaled $1994.97, an itemized statement of which was attached to the bill of particulars and made a part thereof and marked "Exhibit A." Plaintiff states that defendant is indebted to him for his contributive share of $1994.97, the one-half thereof being $997.49, and that no part of the $997.49 has been paid, although plaintiff has made demand upon defendant for payment thereof, and plaintiff then prays for judgment in the sum of $997.49, with interest.

It will be noted in this bill of particulars there is no allegation that the oral contract pleaded specified the amount each of the parties was to pay. The bill assumed that he, plaintiff, having paid all the debts, defendant is indebted to him for one-half thereof, although, as above stated, there is no allegation in the bill of particulars that the oral contract provided what each was to pay, and there is no way of determining the amount in the law action. A court of equity would have to determine that question from the evidence submitted, and, further, would have to take the accounting into consideration in determining the amount which the defendant should be required to pay as a matter of contribution.

The bill of particulars presents a purely equitable action in accounting and contribution, and, the Municipal Court of Cincinnati having no equitable jurisdiction, the demurrer was properly sustained, and the fact that it was sustained on the first rather than on the third ground makes no difference.

The judgment of the Municipal Court of Cincin-

nati sustaining the demurrer to the bill of particulars, further pleading not being desired, and dismissing the bill of particulars will be affirmed.

*Judgment affirmed.*

Ross, J., concurs.

Matthews, J., concurs in the conclusion.